

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/09/2014

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-34274 |
| VENEZIA EDWARDS; aka EDWARDS | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

**MEMORANDUM OPINION**
(Docket No. 13)

Before the Court is the Application to Employ Counsel under 11 U.S.C. § 327 filed by Allison Byman in her capacity as the chapter 7 trustee in this case. After considering the evidence and arguments presented, the Court orally approved the application during a hearing on March 28, 2014. At the hearing, the Court indicated to all parties that it intended to issue a written opinion explaining the Court's analysis. The Court hopes this opinion will provide some practical guidance to trustees filing employment applications in this district. A separate order consistent with this opinion will issue.

**Factual Background**

Venezia Edwards (the "debtor") filed a voluntary chapter 7 petition on July 11, 2013 [Docket No. 1]. Allison Byman was appointed as the chapter 7 trustee in the case.

On August 15, 2013, the trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341. The debtor appeared with counsel and answered the trustee's questions. After reviewing the debtor's schedules, the trustee requested additional documentation concerning certain items identified in the schedules. The trustee continued the creditors' meeting until September 3, 2013 to allow the debtor an opportunity to provide the requested documentation.

The debtor provided the trustee with the requested documentation prior to the continued creditors' meeting. After reviewing the additional documentation, the trustee concluded the meeting of creditors on September 3, 2013 and noted, "[t]rustee to further investigate value of potential claim scheduled by Debtor." [Unnumbered docket entry entered September 5, 2013].

On February 21, 2014, the trustee filed an application to employ Hughes Watters Askanase, L.L.P. ("HWA") as her counsel on an hourly fee basis [Docket No. 13]. In the application, the trustee states that the employment of HWA is needed to perform a variety of legal services including (i) representing the estate/trustee in litigation; (ii) negotiating and closing asset sales; (iii) prosecuting claim objections; (iv) coordinating with the Office of the United States Trustee; (v) providing tax advice; (vi) collecting judgments; and (vii) handling miscellaneous problems that arise in the normal course of administering a bankruptcy case [Docket No. 13]. The application goes on to disclose in detail the types of bankruptcy

representations routinely undertaken by HWA [Docket No. 13]. The application concludes with the representations that (i) HWA is disinterested as that term is defined under the Bankruptcy Code; (ii) HWA holds no interest adverse to the estate; and (iii) HWA will charge its customary hourly rates ranging from $175 to $450 [Docket No. 13].

Attached to the application is the affidavit of Rhonda Chandler, an attorney with HWA. Ms. Chandler is designated as the proposed attorney-in-charge for the representation by HWA of the trustee in this case [Docket No. 13]. The affidavit sets forth in detail the process undertaken by HWA to identify any potential conflicts as well as HWA's general rate structure [Docket No. 13]. No party objected to the trustee's application.

Over the past several years, courts in this district have issued a number of decisions involving trustees that attempt to hire their own firms.[1] Because the trustee in this case is a licensed attorney employed by HWA, the Court scheduled an evidentiary hearing to better understand the trustee's decision process in selecting HWA as her counsel in light of those decisions [Docket No. 14].

The Court conducted an evidentiary hearing on March 28, 2014. Both the trustee and Ms. Chandler appeared and testified in support of the application. During the presentation, the Court asked a number of questions. After considering the evidence and arguments of counsel, the Court orally approved the application and indicated that a written opinion would follow. To the extent that findings of fact and conclusions of law were made on the record, they are incorporated herein pursuant to Rule 7052.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999). The Court has constitutional authority to enter a final order in this matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

The trustee proposes to employ HWA pursuant to 11 U.S.C. § 327. Section 327(a) of the Code[2] provides that:

> [e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent an interest adverse to

---

[1]   *In re CNC Payroll, Inc*., 491 B.R. 454 (Bankr. S.D. Tex. 2013); *In re Jackson*, 484 B.R. 141 (Bankr. S.D. Tex. 2012)*; In re Bechuck*, 472 B.R. 371 (Bankr. S.D. Tex. 2012) (employment of firm with a prior relationship to the trustee); *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005).

[2]   All references to "the Code" refer to Title 11 of the United States Code also known as the United States Bankruptcy Code. All references to a section or "§" refer to a section of the Code. Further, all references to "Rule ___" refer to the Federal Rules of Bankruptcy Procedure.

the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327. The Code further provides that a trustee (or her firm) may act as counsel for the bankruptcy estate if the retention is in the best interest of the estate. 11 U.S.C. § 327(d). As the moving party, the trustee bears the burden of proof in establishing that the retention is in the best interest of the estate. *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012).

A chapter 7 trustee's statutory duties are set forth in § 704 of the Code. Section 704 states that a chapter 7 trustee shall:

**(1)** collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

**(2)** be accountable for all property received;

**(3)** ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;

**(4)** investigate the financial affairs of the debtor;

**(5)** if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

**(6)** if advisable, oppose the discharge of the debtor;

**(7)** unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

**(8)** if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires;

**(9)** make a final report and file a final account of the administration of the estate with the court and with the United States trustee;

**(10)** if with respect to the debtor there is a claim for a domestic support obligation, provide the applicable notice specified in subsection (c);

**(11)** if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of

the Employee Retirement Income Security Act of 1974) of an employee benefit plan, continue to perform the obligations required of the administrator; and

**(12)** use all reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business that--

**(A)** is in the vicinity of the health care business that is closing;

**(B)** provides the patient with services that are substantially similar to those provided by the health care business that is in the process of being closed; and

**(C)** maintains a reasonable quality of care.

11 U.S.C. § 704.  In practical terms, however, a chapter 7 trustee's duties are far more expansive.  The trustee is the foundational underpinning of the entire chapter 7 system.  A qualified trustee represented by knowledgeable counsel serves as a vital component in maintaining the delicate balance between the granting of a "fresh start" for the honest but unfortunate debtor and protecting the integrity of the bankruptcy process itself against those who seek to take advantage through deception or nondisclosure.  The gravity and importance of the trustee's role is compounded when one considers that a single trustee may be responsible for 600-800 cases at any one moment.  Should the trustee fail in the performance of her duties, important issues will likely never be brought to the Court's attention for consideration.  The Court therefore believes that the process by which a trustee selects counsel should be easily understood and that form never substitutes for substance.

In addition to the requirements under § 327 regarding disinterestedness and holding no adverse interests, Rule 2014 sets forth additional requirements for a proper employment application.  First, the application must state why the employment is necessary. FED. R. BANKR. P. 2014(a). This requirement can be met by a simple statement to the effect of, "I need a _____ (lawyer, accountant, etc.) because _____ (the reason)."  Exhaustive, hypothetical lists do not meet the requirement and are generally a poor substitute for direct statements.

Second, the application must identify the person to be employed.  FED. R. BANKR. P. 2014(a).  In the case of a law firm, the firm should be clearly identified along with the attorney(s) that will be primarily responsible for the representation.  It is not necessary to list every member of the firm.  *See* FED. R. BANKR. P. 2014(b).  While not required, the Court believes that attaching a schedule to the application setting forth the specific hourly rates of the professionals that are contemplated to assist in the representation is extremely helpful to the Court as opposed to stating generally that, "[t]he firm's rates vary between $___ and $___ and are subject to future change."

Third, the application must set forth why the selection was made.  FED. R. BANKR. P. 2014(a).  Again, this Court believes that a simple, <u>thoughtful</u> paragraph is preferable to the attachment of voluminous firm and personal resumes.  The Court suggests that one approach might be to start with, "I chose this _____ (lawyer, accountant, etc.) because _____ (the

reasons)." The reasons may be both objective (this lawyer has previously handled this type of matter) and subjective (I trust this attorney's advice based on prior experience over the past ___ years). The type and complexity of the particular case may dictate that the Court give varying weight to different considerations. An application should not contain a list of generic reasons that may or may not be applicable to the current case and are routinely repeated in multiple applications.

Fourth, the application must set forth the range of potential services to be rendered during the employment. FED. R. BANKR. P. 2014(a). The Court believes that a straightforward listing of the services actually contemplated at the time of the retention is preferable to a laundry list that reflects little thought. Should the scope of the retention change over time, nothing in the Code prohibits the expansion of the retention with the filing of a proper pleading. To the extent that *In re Bechuck* is read to require a specific list of what each attorney will do during the case, additional information may be required. *In re Bechuck*, 472 B.R. 371, 376 (Bankr. S.D. Tex. 2012). This judge, however, does not read the opinion in that manner. The requirements of § 327 and Rule 2014 are met so long as the employment application informs the Court as to the scope of the proposed employment and the professionals providing the services. With this information, the Court can meet its duty when reviewing the application. The Court envisions different levels of specificity being required depending on the type and complexity of the case.

Fifth, the application must set forth the contemplated fee arrangement. FED. R. BANKR. P. 2014(a). Simplicity should continue to prevail. Examples might include: "The applicant is to be employed on an hourly fee basis subject to court approval. A list of the hourly rates charged by the professionals that will be involved in the representation is attached as Exhibit __."; or "The applicant will be retained on a 40% contingency fee basis plus the reimbursement of actual expenses. A copy of the written fee agreement is attached as Exhibit __." The Court must necessarily question the legitimacy of an application that provides for employment "on an hourly fee basis equal to a 40% contingency fee."

Sixth, the application must set forth "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee." FED. R. BANKR. P. 2014(a). The application must also include a verified statement from the person to be employed setting forth the same information. FED. R. BANKR. P. 2014(a).

Although not required, the Court offers three additional practice tips. First, the trustee might consider adding a summary chart to the beginning of the application. A chart that sets forth the following basic information would be a tremendous aid to the Court in its review as well as to serve as a useful guide to the person drafting the application:

**Summary of Proposed Employment Application**

| | |
|---|---|
| **Name of Trustee:** | |
| **Name of Professional to be Employed:** | |
| **Reason that Employment of Professional is Needed:** | |
| **Compensation Arrangement:** | |
| **Reason the Trustee selected the Professional:** | |
| **Why employment is in the best interest of the estate (if Trustee's own firm):** | |

Second, the Court discourages the habit of having a non-lawyer prepare employment applications using a "standard" form without appropriate oversight. In light of the importance of an employment application and the representations set forth within, such a practice can easily lead to unpleasant hearings, the denial of applications or worse.

Third, a trustee should personally review all application and, if possible, actually sign the application. Such a procedure provides an internal review process that will minimize errors and provide the Court with confidence that the trustee is exercising an appropriate level of control over her cases.

If a trustee seeks to hire his or her own firm, the application must also set forth why the employment of the firm is in the best interest of the estate in order to satisfy 11 U.S.C. § 327(d). The *Interamericas* court identified eight specific factors along with a ninth "catch-all" factor that it would consider in evaluating whether a trustee's application to employ his own firm was in the best interest of the estate. *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005). These factors were adopted by the Court in *In re Jackson*, 484 B.R. 141 (Bankr. S.D. Tex. 2012). The *Interamericas* factors were not, however, intended to create a mandatory checklist or to limit a trustee's considerations. Rather, Judge Isgur identified those factors that he believed were important considerations in the *Interamericas* case.

The Court readily acknowledges that the presence of the *Interamericas* factors may satisfy the best interest requirement in other cases. The opposite result may also be true. Accordingly, the Court is not inclined to adopt any list of specific factors. Instead, and in recognition that a trustee is given wide latitude in selecting the counsel of her choice, the Court is more concerned that the trustee give meaningful thought to the selection of counsel and that the

application reflect that process. In so doing, the Court will not substitute its judgment for that of the trustee. The Court's obligation is to ensure that the trustee give reasoned analysis to the employment issue and reach a rational conclusion within the bounds of the trustee's duty. If, upon review of the trustee's reasoning, the Court determines that the trustee failed to properly meet her fiduciary duty, the Court will deny the application. Judge Isgur concurs with this approach.

In this case, the trustee seeks to employ HWA on an hourly fee basis. Ms. Chandler is identified as the proposed attorney-in-charge. The trustee states that she needs to hire an attorney "to investigate and prosecute chapter 5 claims.[3]" The trustee states that she chose HWA because they have considerable experience in handling these types of claims. Moreover, Ms. Chandler is represented as having handled over 200 chapter 5 claims in her career. The application goes on to list a number of legal services that HWA might perform in the case. The application lists HWA's connections not only with the parties in the case but to issues that might arise in the case. HWA's disclosures establish that it is disinterested and holds no interest adverse to the estate. While the application is not perfect, the Court believes that the application is a concerted effort to address the issues raised in the *Bechuck*, *CNC Payroll* and *Jackson* decisions.

To the extent that the application does not sufficiently address why hiring HWA is in the best interest of the estate as required by § 327(d), the trustee's testimony more than satisfies the requirement. Ms. Byman testified that she believes Ms. Chandler is highly qualified to represent her and that she has a high degree of confidence in the attorneys at HWA to navigate the many "traps and pitfalls" that she routinely faces. She testified that HWA provides her with unique resources due to fact that the firm employs two other trustees. Ms. Byman further testified that although Ms. Chandler's rate is higher than some other attorneys, she believes that the overall cost to the estate will ultimately be lower due to Ms. Chandler's experience and ability. Ms. Byman also testified that due to her relative inexperience as a chapter 7 trustee (approx. 2 years), having a good working relationship with, and a high degree of trust in, her counsel is extremely important.

After listening to the foregoing testimony, the Court is confident that the trustee has engaged in a thoughtful evaluation of her choice of counsel. The Court will not second guess each of her individual considerations. The trustee has satisfied her fiduciary duty as well as the requirements of the Code and the Rules. The application of HWA is approved.

The Court hopes that this opinion will provide practical guidance to trustees and their counsel in approaching employment decisions in chapter 7 cases. Given the importance of the trustee's role, it is of the utmost importance that trustees have the best resources available to them, including counsel, when performing their jobs. The selection of counsel need not be a morass of confusion. It should be a thoughtful, reasoned process by the trustee that is free of forms and lists. Ms. Byman exemplifies the independent thought that the Court expects.

---

[3] The term "chapter 5 claims" generally refers to avoidance claims that may be asserted on behalf of a bankruptcy estate under 11 U.S.C. §§ 544, 547, 548 and 549.

An order consistent with this opinion will issue.

**SIGNED: April 9, 2014.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**